**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JORDAN RAY RUPERT,**

    **Plaintiff,**

v.                                                                                                    Case No: 5:12-CV-112-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This cause is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees (Doc. 19). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $4,784.00. Plaintiff also seeks costs of $350.00 for the filing fee. The schedule of hours submitted by Plaintiff confirms the attorney hours. Plaintiff represents that Defendant has no objection to his Petition. (Doc. 19).

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action and this litigation was not substantially justified, and that his net worth at the time the proceeding was filed was less than two million dollars.[1] On March 25, 2013, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). Thereafter,

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

on March 26, 2013, the Clerk entered Judgment. (Doc. 18). On May 23, 2013, Plaintiff filed the instant Petition. (Doc. 19).

Plaintiff attached a copy of Plaintiff's fee agreement, wherein Plaintiff agrees to assign all fees related to this case to counsel. (Doc. 19-1). In light of the assignment, Plaintiff requests that the payment be made payable and delivered to Plaintiff's counsel, unless Plaintiff owes a federal debt. If the U.S. Department of Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provision of the EAJA (28 U.S.C. § 2412(d)), Plaintiff's Petition (Doc. 19) is **GRANTED**. Plaintiff is awarded fees in the amount of **$4,784.00** and costs in the amount of **$350.00**. Payment is authorized to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on May 29, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record